IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DELL INC.,                                )
                                          )
            Plaintiff,                    )
                                          )
vs.                                       )   Civil Action No. A05CA658 SS
                                          )
TERRASHARE LLC, MATTHEW F.                )
CHENG, JOEL WILSON, MONIKER               )
PRIVACY SERVICES, and JOHN DOE,           )
                                          )
            Defendants.                   )

## FINAL JUDGMENT

This matter having come before the Court for entry of final judgment with the consent of all parties, it is ORDERED, ADJUDGED, and DECREED as follows:

1. Dell Inc. is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682.

2. Matthew F. Cheng, is an individual residing at 6124 Madison Street, West New York, NJ 07093 ("Cheng").

3. Terrashare LLC is a New Jersey limited liability company with its principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey 08628 ("Terrashare"). Cheng is the only member of Terrashare. Cheng also used Moniker Privacy Services as an assumed name.

4. Joel Wilson is an individual with an address at 3153 34th Street, Astoria, New York 11106 ("Wilson").

5. This Court has subject matter jurisdiction because (a) this is an action arising under the Trademark Laws of the United States joined with related state law claims, jurisdiction being conferred by 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (b) this is an action

25632934

between citizens of different states and in which the matter in controversy exceeds $75,000, exclusive of interest and costs, jurisdiction being conferred by 28 U.S.C. § 1332(a). Jurisdiction over the state and common law claims also arises under 28 U.S.C. § 1367.

### Dell and its Famous Marks

6.  In 1984, Dell began marketing and selling personal computers. In 1987, Dell changed its corporate name to Dell Computer Corporation and began marketing, selling and distributing its products and services under its trademark DELL. In 2003, Dell changed its name to Dell Inc.

7.  Dell is a leading marketer of computer systems and other electronics products. Dell sells its DELL products and services directly to consumers and businesses in over 100 countries. For the last fiscal year Dell had revenue of almost $50 billion and, for several years, it has been the world's largest direct seller of computer systems.

8.  Dell's product and service offerings have included, but have not been limited to, computer hardware, software and peripherals, consumer electronics, and computer-related consulting, installation, networking, maintenance, leasing, warranty and technical support services.

9.  Dell has registered its trademark DELL and variations of this mark in more than 180 countries worldwide, and DELL owns more than thirty United States federal trademark registrations containing the term DELL, including but not limited to the following:

| MARK | GOODS AND SERVICES | REG. NO. |
| --- | --- | --- |
| DELL | Computers and computer peripherals, namely monitors, keyboards, printers, mice, co-processors, modems, hard and floppy disk drives, tape drives, cards and memory add-ons, memory boards and chips, cables and connectors, operating software and instruction manuals sold together as a unit. | 1,616,571 |

| MARK | GOODS AND SERVICES | REG. NO. |
|---|---|---|
| DELL | Custom manufacture of computers for others. | 2,236,785 |
| DELL | Computer peripheral, namely computer projectors | 2,794,705 |
| DELL | Maintenance and repair of computer hardware; installation of computer networks; installation of computer systems | 2,806,769 |
| DELL | Technical support services, troubleshooting of computer hardware and software problems; consulting services in the field of design, selection, implementation and use of computer hardware and software systems for others | 2,806,770 |
| WWW.DELL.COM | Computers, computer peripheral devices, namely, monitors, keyboards, printers, mouses, co-processors, modems, hard and floppy disk drives, tape drives, CD-ROM drives, DVD drives, electronic or magnetic cards for memory add-on and memory boards and chips, data storage units, namely, fibre channel drives and SCSI (small computer system interface) drives, cables and connectors, parts and fittings for all of the above, all for use with computers; computer operating software and instruction manuals all sold together as a unit. | 2,390,851 |
| DELL4ME | Providing multiple-user access to a global computer information network; and<br><br>Technical support services, namely, customer assistance and troubleshooting of computer hardware and software problems via telephone and a global computer network. | 2,425,829 |
| DELL (Stylized Letters) | Computers and parts therefor. | 1,860,272 |
| DELL and Design Computers | Computers. | 1,498,470 |
| DELL and Design (the "Aviator design") | Computers, computer peripheral devices and parts and fittings therefor; monitors, keyboards, printers, mouses, co-processors, modems, hard and floppy disk drives, tape drives, CD-ROM drives, DVD-drives, electronically encoded or magnetically encoded cards and memory add ons, memory boards and chips, cables and connectors, all for use with computers; computer operating software; electronic computer manuals sold as a unit. | 2,817,366 |

| MARK | GOODS AND SERVICES | REG. NO. |
|---|---|---|
| DELL DIMENSION | Computers and computer peripherals, namely, monitors, keyboards, printers, mice, co-processors, modems, hard and floppy disk drives, tape drives, cd-rom drives, cards and memory add-ons, memory boards, chips, cables and connectors, operating software and instruction manuals sold together as a unit. | 2,030,084 |
| DELL PRECISION | Computers, computer peripheral devices and parts and fittings therefor; monitors, keyboards, printers, mouses, co-processors, modems, hard and floppy disk drives, tape drives, CD-ROM drives, data storage units, and electronic or magnetic cards and memory add ons, memory boards and chips, cables and connectors, all for use with computers. | 2,284,782 |
| DELL AXIM | Computer hardware, handheld computers, personal digital assistant (PDA), electronic organizers, electronic notepads, computer peripherals, namely, modems, memory cards, compact flash cards; blank smart media cards, batteries, battery chargers, digital audio recorders, and digital audio playback units, mp3 players, headphones, handheld computer/PDA carry bags, power adapters, car adapters, handheld computer keyboards, scanners, cradles for recharging and connecting to other devices and peripherals, cables and connectors for the above; and instruction manuals sold therewith as a unit for all the aforesaid goods | 2,800,354 |
| DELL DOLLARS | Promoting the use and sale of credit card accounts of others through the administration of a credit card incentive award program. | 2,373,817 |
| DELL FINANCIAL SERVICES | Leasing of computers | 2,333,902 |
| DELL | Credit card services | 2,527,880 |
| DELL OPENMANAGE | Computer software for the setup and management of computer server systems | 2,715,756 |
| DELL PICTURE STUDIO | Computer software, namely, digital, photo applications for organizing, manipulating and editing images; capturing, retrieving, storing and presenting digital photos | 2,578,777 |

| MARK | GOODS AND SERVICES | REG. NO. |
|---|---|---|
| DELL PREFERRED ACCOUNT | Credit card services | 2,757,178 |

10. Each of these registrations is valid, subsisting, and owned by Dell. Registration Nos. 1,498,470, 1,616,571, 1,860,272 and 2,030,084 are incontestable pursuant to 15 U.S.C. §§ 1064 and 1115(b).

11. Since prior to the complained acts of Defendants, Dell's DELL marks have constituted, and Dell has owned, a family of DELL marks.

12. Since long prior to Defendants' acts complained of herein, Dell has used its INSPIRON mark in connection with marketing computer systems, and has obtained the following federal registration, which is valid, subsisting, owned by Dell, and incontestable pursuant to 15 U.S.C. §§ 1064 and 1115(b).

| INSPIRON | computers, computer peripherals and parts therefor, monitors, keyboards, printers, mouses, co-processors, modems, hard and floppy disk drives, tape drives, CD-ROM drives, electronically encoded or magnetically encoded cards and memory add on chips or cards, memory boards and chips, cables and connectors, all for use with computers, computer operating software and instruction manuals all sold together as a unit. | 2,254,835 |
|---|---|---|

13. Over the years, Dell has invested heavily in marketing under its family of DELL marks and INSPIRON mark (collectively, "DELL Marks"), devoting hundreds of millions of dollars to advertising and promoting its products and services through many media in many countries. In 2004 above, Dell expended approximately $500 million in advertising and promotion under or in connection with its DELL Marks. The media Dell has used include, but are not limited to, television, radio, magazines, newspapers and the Internet.

14. As a consequence of Dell's marketing and sales success, Dell and its DELL Marks are and have been famous in the United States and in many other countries.

### Dell's Website and Internet Sales Success

15. For many years and since long prior to Defendants' acts complained of herein, Dell has supported its online marketing and sales efforts and sold its Products and Services through a number of websites and hundreds of related domain names, including but not limited to **dell.com**, **wwwdell.com**, **dell4me.com**, **dellcomputer.com**, **dellcomputers.com**, **delloutlet.com**, and **dellradio.com** (collectively, "Dell Websites").

16. Millions of customers visit the Dell Websites annually, making it one of the Internet's most successful online businesses.

17. Dell generates more than half of its revenue in the United States from sales over the Internet.

18. Dell's marketing and sales efforts over the Internet using its Dell Websites have been extremely successful, and since prior to complained Defendants' acts, Dell has been known in Texas and throughout the United States as a premier marketer and seller of computer products and services over the Internet.

### Dell's Affiliate Programs

19. As part of its Internet marketing and sales efforts, Dell has created and instituted programs whereby individuals and companies (collectively, "Affiliates") can earn commissions for referring Internet shoppers to the Dell Websites.

20. Dell's affiliate programs include the "Dell Home Systems U.S. Affiliate Program" ("DHS Affiliate Program") and the "Dell Business Systems U.S. Affiliate Program" ("BSD Affiliate Program").

21. As part of their enrollment in the DHS Affiliate Program, Affiliates must agree to certain terms and conditions contained in the "Dell Home Systems U.S. Affiliates Program Agreement" ("DHS Affiliate Agreement").

22. The DHS Affiliate Agreement prohibits Affiliates from using domain names that contain the word "Dell" or variations or misspellings in connection with an Affiliate's participation in the DHS Affiliate Program.

23. Dell has hired LinkShare Corporation ("LinkShare") to manage and administer the DHS Affiliate Program, and to issue payment to participating affiliates on Dell's behalf. LinkShare is familiar with the terms of the DHS Affiliate Agreement and is responsible for ensuring that Affiliates comply with those terms.

24. As part of their enrollment in the BSD Affiliate Program, Affiliates must agree to certain terms and conditions contained in the "Dell Business Systems U.S. Affiliates Program Agreement" ("BSD Affiliate Agreement").

25. The BSD Affiliate Agreement prohibits Affiliates from using domain names that contain the word "Dell" or variations or misspellings in connection with an Affiliate's participation in the BSD Affiliate Program.

26. Dell has hired BeFree, a division of Commission Junction ("BeFree") to manage and administer the BSD Affiliate Program, and to issue payment to participating affiliates on Dell's behalf. BeFree is familiar with the terms of the BSD Affiliate Agreement and is responsible for ensuring that Affiliates comply with those terms.

27. As part of Dell's affiliate programs, the operators of unaffiliated websites are given permission to display banner ads for Dell; the ads are directed at and link to Dell websites. When an Internet shopper visits the Dell Websites via any of these banner ads and purchases

products from Dell, the user is temporarily redirected to either a Linkshare or BeFree webpage. Visiting that webpage allows Linkshare or BeFree to place a "cookie" on that Internet shopper's computer. Each cookie has an identification number that allows the program administrator to determine which Affiliate referred the shopper to Dell, and for that Affiliate to receive credit for the referral and to receive a commission based on a percentage of the Internet shopper's purchase.

28.     Dell pays Linkshare and BeFree fees to administer the respective affiliate programs that are based on a percentage of all commissions paid to Affiliates and the number of visitors referred to the Dell site by Affiliates, respectively.

## Defendants' Wrongful Acts

29.     Subsequent to Dell's acquisition of strong rights in its DELL Marks, and after Dell's DELL Marks had become famous, Defendants registered and began using numerous domain names that contain Dell's famous DELL mark or other DELL Marks, or colorable imitations, simulations or typographical variations thereof. The domain names that Defendants have registered and/or used include, but are not limited to, **dell4sale.com, dellbusiness.com, dellcomp.com, dellfactoryoutlet.com, dellforme.com, dellfourme.com, dellhome.com, dellinspiron.com, delll4me.com, dellonlineoutlet.com, dellsystem.com, dellweboutlet.com, wwwdelloutlet.com,** and **wwwdellradio.com** (collectively, "Domains").

30.     Each of the Domains is identical or confusingly similar to, or dilutive of and likely to dilute, the famous DELL Marks.

31.     Defendants registered and used the Domains with full knowledge, and in willful disregard of Dell's DELL Marks, and with the intent to obtain a commercial advantage that Defendants otherwise would not have.

32. On or about July 2001, Defendants and/or their predecessors in interest enrolled in the Dell DHS Affiliate Program and thereby agreed to the terms and conditions of that program.

33. On or about November 2002, Defendants and/or their predecessors in interest enrolled in the Dell BSD Affiliate Program and thereby agreed to the terms and conditions of that program.

34. Defendants have used several of the Domains through the DHS Affiliate Program and the BSD Affiliate Program to redirect consumers who are looking for Dell Websites but who type an incorrect domain name or make a typographical or spelling error to websites controlled by Defendants (collectively, "Defendants' Websites"). Defendants' Websites cause a cookie to be deposited on the consumer's computer and then automatically redirect consumers to a Dell Website. The redirection occurs almost instantaneously, and in many cases happens without the consumer's knowledge. Defendants then receive credit for "referring" that particular customer, and when that customer makes a purchase from the Dell website, Defendants receive a commission on the sale.

35. Consumers reach Defendants' Domains by mistake. But for Defendants' registration and use of the Domains, such consumers would not reach any active website, but would realize they had made an error, retype the domain name they intended to reach, and arrive at the Dell Websites directly. In the alternative, because the Domains are confusingly similar to Dell's DELL Marks and no one other than Dell has the right to use them, Dell could (and would be entitled to) register them, ensuring that consumers who type the Domains into their browser are redirected to and reach a Dell Website. In either case, the consumer would reach the intended Dell Website without the need for Dell to pay a third party.

36. Defendants knowingly and intentionally attempted to conceal their wrongful behavior by providing incomplete, inaccurate and false contact information in the WHOIS records for the various Domains.

37. Defendants knowingly and intentionally provided inaccurate information, including financial information, to Dell during their participation in the BSD Affiliate Program.

38. Defendants intended their acts, and their acts did in fact caused confusion, mistake or deception with Dell's registered marks.

39. Defendants' acts constitute willful, intentional trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

40. Defendants, with a bad-faith intent to profit from the famous DELL Marks, registered and used domain names that are confusingly similar to or dilutive of the DELL Marks.

41. Defendants' acts constitute willful cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

42. Defendants acts cause dilution of the famous DELL Marks, and Defendant willfully intended to trade on Dell's reputation and to cause such dilution.

43. Defendants' acts constitute trademark dilution in violation of 15 U.S.C. § 1125(c), and Texas Bus. & Comm. Code § 16.29 and the common law of the state of Texas.

44. Defendants acts intend to and are in fact likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Dell, or as to the origin, sponsorship or approval of Defendants' services.

45. Defendants' acts constitute unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

46. Defendants intended their use of the Domains in connection with their participation in the DHS Affiliate Program and BSD Affiliate Program to violate the terms of the respective Affiliate Agreements.

47. Defendants' aforesaid acts constitute willful, intentional breaches of contract in violation of the common law of the state of Texas.

48. Defendants intended to and have wrongfully obtained a benefit from Dell by virtue of their intentional and wrongful activities and gained undue advantage resulting from use of the domain names that infringe Dell's rights.

49. Defendants' aforesaid acts constitute willful, intentional unjust enrichment in violation of the common law of the state of Texas.

50. Defendants acted together to register, obtain and use the Domains to mislead Dell to enroll in Dell's Affiliate Programs to obtain commissions based on the willful misuse of domain names that infringe Dell's trademark rights, and to conceal their wrongful activity and identity.

51. There occurred a meeting of the minds on the object and course of actions by and between Terrashare, Cheng, Wilson and their employees and representatives acting on their behalf on or before July 2001, and continuing to the present.

52. Defendants intentionally and willfully engaged in numerous illegal and overt acts of tortious and unfair conduct in furtherance of the conspiracy.

53. Dell has suffered actual damage and loss as a result of Defendants' conduct.

54. Defendants' acts constitute a civil conspiracy in violation of the common law of the state of Texas.

55.     Defendants, their respective officers, agents, servants, employees, attorneys, and all others in active concert or participation with any of them, are permanently enjoined and restrained from:

    a.  using or conspiring to use any of Dell's DELL Marks and any colorable imitation or simulation of any of them;

    b.  registering or using, directly or indirectly, any of the Domains, or any other domain name that contains any of Dell's DELL Marks, or any colorable imitation, simulation or typographical variation of any of them, either alone or in combination with any other term, or any domain name that is confusingly similar to any of the above, or conspiring to do so;

    c.  doing or conspiring to do any act or thing likely to induce the belief that Defendants' products or services are in any way legitimately connected with, or sponsored or approved by, Dell; and

    d.  doing or conspiring to do any act or thing that dilutes or is likely to dilute the distinctiveness of any of Dell's DELL Marks or that tarnishes or is likely to tarnish the goodwill associated with any of them.

56.     Within 10 days of entry of this Final Judgment, Defendants, their respective officers, agents, servants, employees, attorneys, and all others in active concert or participation with any of them, will assign to Dell the registrations of, and all rights in and to, the Internet domain names **dell4sale.com**, **dellbusiness.com**, **dellcomp.com**, **dellfactoryoutlet.com**, **dellforme.com**, **dellfourme.com**, **dellhome.com**, **dellinspiron.com**, **delll4me.com**, **dellonlineoutlet.com**, **dellsystem.com**, **dellweboutlet.com**, **wwwdelloutlet.com**, and **wwwdellradio.com**, as well as any other domain name covered by Paragraph 36(b).

57.     Defendant Terrashare will pay $1,000,000 to Dell by cashier's check made payable to Dell Inc.

58.     In addition to any other appropriate remedies, each Defendant will be required to pay Dell $5,000.00 to compensate Dell for each act in violation of this Judgment.

Date: March 11, 2006            Consented to by:

LOEB & LOEB LLP                                  THE SOLOMON LAW FIRM, P.C.

By: _____           By: _____
Daniel D. Frohling                                       David C. Holmes
Douglas N. Masters                                   Leymon L. Solomon
Nathan J. Hole                                           2950 North Loop West, Suite 500
321 North Clark Street                              Houston, TX 77092
Suite 2300                                                 Telephone: (713) 358-5512
Chicago, IL 60610                                     Fax: (713) 358-5513
Telephone: (312) 464-3100
Fax: (312) 464-3111

                                                                Attorneys for Defendants

FULBRIGHT & JAWORSKI
Louis T. Pirkey
Texas Bar No. 16033000
William G. Barber
Texas State Bar No. 01713050
Stephen P. Meleen
State Bar No. 00795776
2300 One American Center
600 Congress Avenue
Austin, Texas 78701
Telephone: (512) 474-5201
Fax: (512) 536-4598

Attorneys for Plaintiff


SO ORDERED:

_____
Sam Sparks
United States District Court

Date: March 23, 2006